UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN MICHAEL FILOZOF,

                              Plaintiff,

                    v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

DECISION AND ORDER

18-CV-6025L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On February 2, 2015, plaintiff, then thirty-two years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since January 30, 2015. (Dkt. #8 at 11). His applications were initially denied. Plaintiff requested a hearing, which was held via videoconference on November 3, 2016 before Administrative Law Judge ("ALJ") Michael Carr. The ALJ issued a decision on February 1, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 11-18). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 14, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals.

The plaintiff has moved for summary judgment pursuant to Fed. R. Civ. Proc. 56, requesting remand (Dkt. #9), and the Commissioner has cross moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) (Dkt. #14). For the reasons set forth below, the

plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records and testimony reflecting a history of cerebral palsy and epilepsy, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, except that plaintiff can never climb ropes, ladders or scaffolds, should never be exposed to unprotected heights of moving mechanical parts, and cannot operate a motor vehicle for commercial purposes. (Dkt. #8 at 14). Based on this finding and the testimony of vocational expert Cyndee Burnett, the ALJ concluded that plaintiff is unable to return to his past relevant work as an order puller and car washer, but retains the RFC to perform the positions of mailroom clerk, small products assembler, and cashier. (Dkt. #8 at 18).

**I.     The ALJ's Duty to Complete the Record**

Plaintiff argues that the record contains a significant gap, and that the ALJ's decision is therefore not supported by substantial evidence. The Court concurs.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v.* Chater, 77 F.3d 41, 47 (2d Cir. 1996). This includes the duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). The responsibility of the ALJ to fully develop the record is particularly pressing in circumstances where, as here, a plaintiff appears *pro se*, *Armstrong v. Colvin*, 2013 U.S. Dist. LEXIS 171151 at *47 (S.D.N.Y. 2013), and/or where the records sought are "central to the disability determination." *Carr v. Commissioner*, 2017 U.S. Dist. LEXIS 72209 at *29 (S.D.N.Y. 2017).

In the instant case, although plaintiff alleged an inability to work commencing January 30, 2015, the record contained only 19 pages of medical records from several different physicians at Strong Memorial Hospital and Unity Health, reflecting treatment following a seizure-induced motor vehicle accident, as well as generalized follow-up treatment for epilepsy, between February 3, 2014 and January 25, 2015. (Dkt. #8 at 216-34). Plaintiff completed medical update forms, filed with the Social Security Administration, which indicated that had treated with neurologist Dr. Benjamin George from at least December 2001 through July 2015. (Dkt. #8 at 206, 208). During plaintiff's hearing, at which plaintiff appeared *pro se*, the ALJ made note of this obvious gap in the record, and stated that he would direct his staff to request records from Dr. George. (Dkt. #8 at 36, 49-50).

On or about November 16, 2016, the ALJ wrote to Strong Memorial Hospital's medical records department to request medical records concerning the plaintiff. (Dkt. #8 at 213). The letter was, on its face, incomplete. It did not specify a timeframe or care provider for the requested records, instead making an inscrutable request for "**Medical records from**" with no further

elaboration, and identifying Dr. George only in the address block, as "Dept of Neurology/Dr. George"). More importantly, it is unclear whether the letter was accompanied by plaintiff's medical records release form, as the letter indicates that it was sent with unspecified "Enclosures," but no enclosures were included in the record. *Id.*

In sum, despite the fact that the record contained an incomplete medical history, with no medical evidence post-dating the plaintiff's application and no records from plaintiff's treating neurologist, Dr. George, the ALJ declined to make any additional effort to obtain records from Dr. George, did not order any consultative examinations, and rendered a decision based entirely on a scant, 19-page medical record, without the benefit of a single medical opinion from any treating, examining or reviewing physician. (Dkt. #8 at 216-34).

The fact that essential treatment records were requested, but not received, "does not obviate the ALJ's independent duty to develop the record," particularly since the ALJ could have exercised his power to subpoena them, but did not. *Benjamin v. Colvin*, 2017 U.S. Dist. LEXIS 161772 at *21-*22 (E.D.N.Y. 2017). *See generally* Hearings, Appeals and Litigation Law Manual at 1-2-5-78(A) ("[w]hen it is reasonably necessary for the full presentation of a case, [the] ALJ may issue a subpoena").

Ultimately, an ALJ is expected to make "every reasonable effort" to fully and fairly develop the record, taking into account the circumstances of the case. *Carr*, 2017 U.S. Dist. LEXIS 72209 at *32 (citing *Devora v. Barnhart*, 205 F. Supp. 2d 164, 175 (S.D.N.Y. 2002)). Under the particular circumstances presented here – where the claimant's impairments are neurological in nature, where the record contained an obvious gap with respect to records from plaintiff's treating neurologist, where the letter composed by the ALJ to request those records was not sufficiently complete (and may not have included the necessary release form) to make it

4

susceptible of a response, and where the ALJ declined to make additional requests, to order any consultative examinations, or to exercise his power to subpoena the missing records – the ALJ cannot be said to have made "every reasonable effort" to complete the record. 20 C.F.R. §416.912(d).

## CONCLUSION

For the foregoing reasons, I find that the ALJ failed to fulfill his duty to complete the record, and that his decision is therefore not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings remanding this matter (Dkt. #9) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied. The Commissioner's decision is reversed, and the matter is remanded for further proceedings and completion of the record, including but not limited to the issuance of a subpoena for the treatment records and opinion of plaintiff's treating neurologist, Dr. George, during the relevant period, and if such records and/or opinion evidence are not provided, the obtainment of opinions from consultative examiners concerning plaintiff's ability to perform work-related activities.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 25, 2019.