UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN F.,

                    DECISION AND ORDER

        Plaintiff,

                    18-CV-6025L

    v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.
_____

    Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #22). Pursuant to a contingent fee agreement permitting an award of attorneys fees in the amount of 25% of the past-due benefits award, plaintiff's counsel, Steven Richard Dolson, seeks an award of $10,799.50 (25% of the award for past-due benefits), which will be reduced by $4,079.09 when counsel refunds to plaintiff the amount previously awarded to the plaintiff for attorney fees under the Equal Access to Justice Act ("EAJA").

    The Commissioner does not oppose plaintiff's motion, and has filed a letter response indicating that the fee request is reasonable. (Dkt. #27).

    The Court agrees that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise, the results that were achieved (a fully favorable decision, and a past due benefits award of $43,198.00), and the absence of any delay in

the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005).

The Court has reviewed the time records submitted by plaintiff's attorney (Dkt. #22-1), and I find no evidence of delay, unreasonable expenditures of time, or duplication of effort. The Court has also considered the deference that is owed to agreements between an attorney and client, the compelling public interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

The net amount of attorney's fees that counsel stands to receive – $10,799.50– results in a *de facto* hourly rate of $537.28, for 20.1 hours of attorney time. This amount is within, if not appreciably below, the range of hourly fees found to be reasonable in recent cases in this district. *See e.g., Salone v. Commissioner*, 2020 U.S. Dist. LEXIS 59634 (W.D.N.Y. 2020) (approving fee request with a de facto hourly rate of $956.25 per hour, and noting that cases in which courts have reduced similar fees are distinguishable in that they involved a modest amount of work by attorneys who secured stipulations, or who billed excessive amounts of time); *Sims v. Commissioner*, 2020 U.S. Dist. LEXIS 28330 (W.D.N.Y. 2020) (approving fee with de facto hourly rate of $980.87 per hour); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 (W.D.N.Y. 2019) (approving fee with de facto hourly rate of $1,051.64 per hour).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #22) in the amount of $10,799.50 is granted, without prejudice to counsel's right to

subsequently move for modification of the fee award.[1] The award is to be made payable to Steven Richard Dolson, attorney for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 18, 2021.

---

[1] Counsel indicates that although plaintiff received a Notice of Award on his successful Title XVI claim, he had not, at the time the motion for attorney's fees was filed, received a Notice of Award for his successful Title II claim. Counsel thus reserved the right to seek future adjustment of any fee award based on receipt of the Title II Notice of Award pursuant to W.D.N.Y. Local Rule of Civil Procedure 5.5(g).

subsequently move for modification of the fee award.[1] The award is to be made payable to Steven Richard Dolson, attorney for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 18, 2021.

---

[1] Counsel indicates that although plaintiff received a Notice of Award on his successful Title XVI claim, he had not, at the time the motion for attorney's fees was filed, received a Notice of Award for his successful Title II claim. Counsel thus reserved the right to seek future adjustment of any fee award based on receipt of the Title II Notice of Award pursuant to W.D.N.Y. Local Rule of Civil Procedure 5.5(g).